FILED

MAR 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLWESTER SLOJEWSKI, | No. 11-15018 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-03011-JCS |
| v. | |
| POLAM FEDERAL CREDIT UNION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Submitted March 16, 2012[**]
San Francisco, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Plaintiff-Appellant Sylwester Slojewski appeals from the district court's

summary judgment dismissal of his lawsuit alleging that Polam Federal Credit

Union (Polam) refused to honor his demand for rescission under the Truth in

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lending Act (TILA), 15 U.S.C. § 1601, *et seq.* We review *de novo* an appeal of the grant of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We review for abuse of discretion the district court's evidentiary rulings. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Slojewski sought restoration of the title to his home on the grounds that Polam conducted a non-judicial foreclosure sale after he rescinded the loan under TILA. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court correctly dismissed Slojewski's claims under TILA on the grounds that Slojewski failed to present evidence showing a triable issue of material fact regarding (1) whether the financing charge stated by the Credit Union was permitted under TILA and (2) whether Slojewski could tender the proceeds of the loan back to the Credit Union to warrant rescission. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (explaining that the court may require a plaintiff to prove an ability to tender before deciding whether rescission is warranted on a "case-by-case basis, in light of the record adduced").

First, the district court did not abuse its discretion in finding that Slojewski's declaration submitted in his response to the Credit Union's motion for summary

2

judgment was a "sham affidavit" because it contradicted his earlier deposition testimony taken just ten days earlier. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266–67 (9th Cir. 1991) (holding that a court may discount a "sham" declaration that (1) "flatly contradicts" earlier deposition testimony, and (2) was provided for the sole purpose of creating a genuine issue of material fact). Slojewski made no attempt in his declaration to explain his prior deposition testimony, nor did he claim that he was confused during his deposition. Accordingly, the district court did not abuse its discretion in discounting his declaration as a "sham" declaration.

Second, with respect to his ability to tender back the proceeds of the loan upon rescission, the district court properly discounted Slojewski's own declaration, as well as the declarations of his mother and niece, on the grounds that they were conclusory, speculative, and lacked foundation.[1] *See Yamamoto*, 329 F.3d at 1171 (holding that when applying TILA the district court has "the discretion to condition

---

[1]Although the district court erred in excluding evidence presented on summary judgment on the basis that it was inadmissible hearsay, this error was harmless because the court cited multiple alternative grounds upon which to discount the  proffered evidence. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (holding that evidence presented on summary judgment need not be admissible, but only contain evidence that could be presented in admissible form at trial).

3

rescission on tender by the borrower of the property") (internal citations and quotations omitted).

Further, Slojewski's claim for damages has not yet accrued for Polam's alleged failure to honor his rescission.  The district court properly found that Slojewski has no right to rescind in this case.  Accordingly, no damages may flow from Slojewski's alleged right to rescind because it does not exist.  *See Yamamoto*, 329 F.3d at 1172 (". . . the security interest 'becomes void' only when the consumer 'rescinds' the transaction. In a contested case, this happens when the right to rescind is determined in the borrower's favor.").  For the reasons stated above, Slojewski's claim for damages stemming from Polam's refusal to honor his rescission also fails.

For the foregoing reasons, the district court properly granted Polam's motion for summary judgment.

**AFFIRMED.**